IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LESTER ARIEL PINEDA-MEDRANO,            ) | |
|                                         ) | |
| Petitioner,                             ) | |
|                                         ) | |
| v.                                      ) | Civil Action No. 1:25-cv-01870 |
|                                         ) | |
| PAMELA BONDI, *et al.*,                 ) | |
|                                         ) | |
| Respondents.                            ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Lester Ariel Pineda-Medrano ("Petitioner") filed a Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition"), seeking release from the Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") custody that began on October 21, 2025 on the grounds that his ongoing detention without bond violates his substantive and procedural due process rights (Count I) and constitutes cruel and unusual punishment (Count II). Upon consideration of the Petition, the memoranda in support thereof and in opposition thereto, and for the reasons stated below, the Petition is **GRANTED**.

**I.   BACKGROUND**

Petitioner is a twenty-year-old native and citizen of Guatemala who entered the United States without inspection in June 2019 at the age of fifteen. [Doc. No. 1] ¶ 35; [Doc. No. 4-1] at 2. Petitioner was discovered by border patrol agents after which DHS issued him a Form I-200, Warrant for Arrest of Alien, and a Notice to Appear ("NTA') which charged him with being inadmissible and removable under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. [Doc. No. 4-1] at 2. Petitioner was released on his own

1

recognizance, and on July 6, 2022 DHS granted him Special Immigrant Juvenile Status ("SIJS") and Deferred Action until July 6, 2026, unless terminated earlier. *Id*. at 5. On November 20, 2023, the Immigration Court dismissed Petitioner's removal proceedings on the basis of his approved SIJS and Deferred Action. *Id*.

On October 21, 2025, Petitioner was arrested by ICE agents near Arlington, Virginia, detained at the Farmville Detention Center, and issued a new NTA charging him yet again with being inadmissible to the United States (and thus removable from the United States) under 8 U.S.C. § 1182(a)(6)(A)(i). *Id*. The following day, USCIS terminated his deferred action. *Id*. Petitioner is a high school graduate and, other than his illegal entry, has no criminal record and no encounters with law enforcement. [Doc. No. 1] ¶¶ 35-36. He filed the Petition on October 24, 2025, requesting that this Court order his immediate release if a timely bond hearing is not held. *Id*. at 17. On December 1, Plaintiff filed an emergency motion to expedite. [Doc. No. 6].

## II. LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

## III. DISCUSSION

2

Petitioner contends that his ongoing detention violates his substantive and procedural due process rights under the Fifth Amendment (Count I), and his Eighth Amendment right to be free from cruel and unusual punishment (Count II).[1] [2] In their opposition, Respondents argue that Petitioner's detention is lawful and constitutional under the INA because he was detained under 8 U.S.C. § 1225(b)(2) and not 8 U.S.C. § 1226(a). [Doc. No. 4] at 5–15.

As an initial matter, the Court observes that Respondents make the same arguments they made, and this Court rejected, in *Luna Quispe v. Crawford*, No. 1:25-CV-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). There, like here, the dispositive issue reduced to whether Petitioner's detention was governed by the mandatory detention provisions in 8 U.S.C. § 1225(b)(2) or the discretionary detention provisions in 8 U.S.C. § 1226(a). At bottom, Respondents argue that Petitioner is an "applicant for admission" because he entered the country without inspection and remains in country, thereby subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2) and not discretionary detention under 8 U.S.C. § 1226(a). [Opp.] at 6–20. As in some of these prior cases, Respondents acknowledged in their Opposition that their arguments have previously been rejected by this Court and are meant to preserve the issues for appeal. [Opp.] at 2–3.

---

[1] Petitioner does not style any of his causes of action as alleging a violation of the INA; however, he alleges that DHS' interpretation of which statutory provisions govern his detention is "flawed" and requests that he be given a bond hearing pursuant to of 8 U.S.C. § 1226. [Doc. No. 1] at 10, 17. Therefore, regardless of how Petitioner's claims are styled, the central factual and legal issue(s) in his case are identical to numerous other recent habeas petitions by detained immigrants. *See, e.g. Luna Quispe v. Crawford*, No. 1:25-CV-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025).

[2] Petitioner also seeks attorney's fees and costs, but Petitioner has no cognizable claim for attorney's fees because a habeas proceeding is not a "civil action" as required by the Equal Access to Justice Act. *Obando Segura v. Garland*, 999 F.3d 190, 195 (4th Cir. 2021); *Luna Quispe v. Crawford*, 1:25-CV-1471-AJT-LRV, 2025 WL 2783799, at *6 (E.D. Va. Sept. 29, 2025).

For all the reasons previously stated in *Luna Quispe*, and consistent with how several other district courts around the country have interpreted the provisions in question, Petitioner's detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures.[3] Respondents' application of section 1225(b) to individuals like Petitioner already in the country contravenes the plain text and statutory scheme of the INA, which makes clear that section 1225(b)(2)(A)'s scope extends only to those individuals actively seeking admission into the country, not those already present.[4] *See Luna Quispe*, 2025 WL 2783799, at *4–6. As the Supreme Court held in *Jennings*, section 1226(a) is the "default rule," which governs "aliens already in the country" who are subject to removal proceedings, whereas section 1225(b) governs "aliens seeking admission into the country." *Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).

With respect to Petitioner's due process claim, Respondents contend that Petitioner is not entitled to constitutional due process since he was mandatorily detained under 8 U.S.C. § 1225(b)(1) and his detention is therefore governed exclusively by that section of the INA. [Doc. No. 4] at 15–22. Having determined that Petitioner's detention is governed by section 1226, the

---

[3] *See, e.g.*, *Gomes v. Hyde*, 2025 WL 1869299 (D. Mass. July 7, 2025); *Martinez v. Hyde*, 2025 WL 2084238 (D. Mass. July 24, 2025); *Lopez Benitez v. Francis*, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); *Maldonado v. Olson*, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Arrazola-Gonzalez v. Noem*, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *J.O.E. v. Bondi*, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); *Jacinto v. Trump*, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); *Samb v. Joyce*, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); *Dos Santos v. Noem*, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); *Garcia Jimenez v. Kramer*, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); *Anicasio v. Kramer*, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); *Rosado v. Figueroa*, 2025 WL 2337099 (D. Ariz. Aug. 11,2025); *Orellana Juarez v. Moniz*, 2025 WL 1698600 (D. Mass. June 11, 2025); *Hernandez Nieves v. Kaiser*, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); *Vasquez Garcia v. Noem*, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); *Carmona-Lorenzo v. Trump*, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); *Lopez-Campos v. Ravcroft*, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Kostak v. Trump*, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

[4] Neither Petitioner's SIJS nor his (until recently, still valid) Deferred Action status establishes that that he is an "alien seeking admission" who should be subject to § 1225(b)(2). *See Rodriguez*, 747 F. Supp. 3d at 916. This Court rejected similar arguments in *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024). The petitioner in that case had also entered as a juvenile and been released from detention. *Id*. at 914. He then gained SIJS status which, the Court held, rendered him an "alien present" entitled to a bond hearing. *Id*. at 916; *see also Andres Salvador v. Bondi, et al*., No. 2:25-CV-07946-MRA-MAA, 2025 WL 2995055, at *1 (C.D. Cal. Sept. 2, 2025) (ordering bond hearing for detained migrant who arrived as unaccompanied minor).

Court must consider whether his continued detention absent a bond hearing violates his due process rights. In that regard, the Court concludes for the reasons stated in *Luna Quispe* that Petitioner's continued detention under section 1226 without a bond hearing violates his substantive and procedural due process rights.[5] *See Luna Quispe*, 2025 WL 2783799, at *7–9. Having granted the Petition based on Count I, the Court need not address Petitioner's claim under the eighth amendment prohibition against cruel and unusual punishment. *See, e.g. Luna Quispe*, 2025 WL 2783799 at *2 n. 1.

For the above reasons, Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge.

### IV.   CONCLUSION

For the above reasons, the Petition is granted, and it is hereby

**ORDERED** that Respondents provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order; and it is further

**ORDERED** that Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial; and it is further

---

[5] In opposition to Petitioner's due process claim, Respondents rely on *Miranda v. Garland*, 34 F.4th 338 (4th Cir. 2022). There, the Fourth Circuit reversed the district court's grant of a preliminary injunction on due process grounds, holding that the detention procedures in section 1226(a), including a bond hearing, satisfied due process. *Id.* at 366. But nowhere in that opinion did the Fourth Circuit hold—explicitly or implicitly—that the failure to comport with the procedures contemplated in section 1226(a), including the provision of a bond determination hearing, would also satisfy due process.

5

**ORDERED** that Petitioner's emergency motion to expedite [Doc. No. 6] is **DENIED** as moot.

The Clerk is directed to send copies of this Order to all counsel of record.

Alexandria, Virginia
December 3, 2025

/s/
———————————————
Anthony J. Trenga
Senior United States District Judge